IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| AUTOMOBILE MECHANICS' LOCAL NO. 701 UNION AND INDUSTRY PENSION FUND, and AUTOMOBILE MECHANICS' LOCAL NO. 701 UNION AND INDUSTRY WELFARE FUND, | ) ) ) ) ) ) | NO.: 20-cv-3311 <br><br> JUDGE: |
| Plaintiff, | ) ) | MAG. JUDGE: |
| vs. | ) ) | |
| YRC, INC. d/b/a YRC FREIGHT, a Delaware Corporation; and USF HOLLAND INC., a Michigan Corporation, | ) ) ) ) ) ) | |
| Defendants. | ) | |

**COMPLAINT**

NOW COMES the Plaintiffs, the AUTOMOBILE MECHANICS' LOCAL NO. 701 UNION AND INDUSTRY PENSION FUND ("PENSION FUND") and the AUTOMOBILE MECHANICS' LOCAL NO. 701 UNION AND INDUSTRY WELFARE FUND ("WELFARE FUND") (collectively referred to as "Plaintiffs" or the "TRUST FUNDS"), by and through their counsel, JOHNSON & KROL, LLC, complaining of the Defendants YRC, INC. d/b/a YRC FREIGHT ("YRC") and USF HOLLAND INC. ("USF HOLLAND"), and allege as follows:

**JURISDICTION AND VENUE**

1. This action arises under Sections 502 and 515 of the Employee Retirement Income Security Act ("ERISA"). The Court has jurisdiction over the subject matter of this action pursuant to 29 U.S.C. §§ 1132 and 1145.

2. Venue is proper in this Court pursuant to 29 U.S.C. § 1132(e)(2) in that the TRUST FUNDS are administered at 361 S. Frontage Road, Suite 100, Burr Ridge, Illinois 60527,

and pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the TRUST FUNDS' claims occurred in the Northern District of Illinois, Eastern Division.

## PARTIES

3. The TRUST FUNDS receive contributions from numerous employers pursuant to various collective bargaining agreements between the employers and the Automobile Mechanics' Local 701, International Association of Machinists and Space Workers, AFL-CIO, of Chicago and Vicinity ("Union"), and therefore are multi-employer plans as defined in 29 U.S.C. § 1002.

4. Pursuant to 29 U.S.C. §§ 1132(a)(3) and 1145, the TRUST FUNDS are authorized to bring this action on behalf of its participants and beneficiaries for the purpose of collecting unpaid contributions.

5. The Union is the bargaining representative of some of Defendant YRC and USF HOLLAND's employees.

6. The Defendant YRC is a Delaware corporation with its principal place of business located in Overland Park, Kansas.

7. The Defendant USF HOLLAND is a Michigan corporation with its principal place of business located in Holland, Michigan.

8. Defendants YRC and USF HOLLAND are subsidiaries of YRC Worldwide Inc., a company that is publicly traded on the NASDAQ Stock Market LLC.

9. The TRUST FUNDS' claims for relief against YRC and USF HOLLAND arise out of the same series of transactions or occurrences making joinder of the parties in this lawsuit appropriate.

## COUNT I
## BREACH OF CONTRACT – YRC

10. Plaintiffs re-allege and incorporates the allegations contained in paragraphs 1-9 of this Complaint with the same force and effect as if fully set forth herein.

11. YRC is an employer engaged in an industry affecting commerce which agreed to be bound by the terms of a Collective Bargaining Agreement ("CBA") with the Union on April 19, 2017 for the period of April 1, 2017 through March 31, 2020. (A copy of the YRC CBA is attached as **Exhibit 1**).

12. On March 20, 2020, YRC agreed to a Contract Extension Agreement with the Union wherein the parties agreed to extend the expiration date of the CBA to May 14, 2020. (A copy of the Contract Extension Agreement is attached as **Exhibit 2**).

13. On May 8, 2020, YRC agreed to a Second Contract Extension Agreement with the Union wherein the parties agreed to extend the expiration date of the CBA to July 13, 2020. (A copy of the Second Contract Extension Agreement is attached as **Exhibit 3**).

14. Through the CBA, YRC agreed to be bound by the provisions of the Agreements and Declarations of Trust, which created and govern the TRUST FUNDS (hereinafter referred to as the "Trust Agreements").

15. Pursuant to the provisions of the CBA, Defendant YRC is required to make monthly reports of the number of weeks worked by its bargaining unit employees and pay contributions to the TRUST FUNDS for each week that a bargaining unit employee performs any work at the negotiated rate set forth in the CBA. (**Exhibit 1**).

16. The monthly reports and contributions during all relevant times were due on or before the 10th day of the calendar month following the calendar month during which the work was performed.

17. Pursuant to Section 502(g)(2) of ERISA, and provisions of the CBA and Trust Agreements, employers who fail to submit their monthly reports and contributions to the TRUST FUNDS on a timely basis are responsible for the payment of liquidated damages equal to ten percent (10%) of the amount unpaid, plus interest at a rate of one percent (1%) per month from the due date and any reasonable attorney's fees and costs of maintaining suit.

18. In breach of the CBA, Defendant YRC failed to pay contributions to the PENSION FUND for the months of March 2020 and April 2020 in the aggregate amount of $68,919.55.

19. As a result of its failure to pay its March 2020 and April 2020 contributions to the PENSION FUND in a timely manner, YRC currently owes liquidated damages in the amount of $6,891.95 and interest amount of $660.69 to the PENSION FUND.

20. In breach of the CBA, Defendant YRC failed to timely pay contributions for the month of March 2020 to the WELFARE FUND. Defendant YRC paid the interest resulting from the late payment of contributions but failed to pay the resulting liquidated damages in the amount of $5,126.90.

21. In breach of the CBA, Defendant YRC failed to pay contributions for the month of April 2020 to the WELFARE FUND in the aggregate amount of $51,576.00.

22. As a result of its failure to pay its April 2020 contributions to the WELFARE FUND in a timely manner, YRC currently owes liquidated damages in the amount of $5,157.60 and interest in the amount of $240.69 to the WELFARE FUND.

23. Interest on the unpaid contributions owed the TRUST FUNDS will continue to accrue until such time that Defendant YRC makes payment of the contributions.

24. Defendant YRC has a continuing obligation to pay contributions to the TRUST FUNDS. Therefore, additional amounts may become due and owing from the Defendant YRC.

25. Plaintiffs have been required to employ the undersigned counsel to collect the monies that are due and owing from YRC.

26. Plaintiffs have complied with all conditions precedent in bringing this suit.

27. Defendant YRC is obligated to pay the reasonable attorney's fees and court costs incurred by the Plaintiffs pursuant to the CBA, Trust Agreements and 29 U.S.C. § 1132(g)(2)(D).

**WHEREFORE**, Plaintiffs respectfully request that:

A. Judgment be entered in favor of the PENSION FUND and against Defendant YRC in the amount of $68,919.55 for unpaid contributions to the PENSION FUND for the months of March 2020 and April 2020;

B. Judgment be entered in favor of the PENSION FUND and against Defendant YRC in the amount of $7,552.64 for liquidated damages and interest that has accrued through June 1, 2020, plus additional interest that may accrue, as a result of YRC's failure to timely pay contributions to the PENSION FUND;

C. Judgment be entered in favor of the WELFARE FUND and against Defendant YRC in the amount of $51,576.00 for unpaid contributions to the WELFARE FUND for the month of April 2020;

D. Judgment be entered in favor of the WELFARE FUND and against Defendant YRC in the amount of $10,525.19 for liquidated damages and interest that has accrued through June 1, 2020, plus additional interest that may accrue, as a result of YRC's failure to timely pay contributions for the months of March 2020 and April 2020 to the WELFARE FUND;

E. Judgment be entered in favor of the TRUST FUNDS and against the Defendant YRC for any other contributions, liquidated damages and interest that may become due in addition to the amounts identified in paragraphs A through D above;

F. Defendant YRC be ordered to pay the reasonable attorney's fees and costs incurred by the Plaintiffs pursuant to the CBA, Trust Agreements and 29 U.S.C. § 1132(g)(2)(D); and

G. Plaintiffs have such other and further relief as the Court may deem just and equitable all at Defendant YRC's cost pursuant to 29 U.S.C. § 1132(g)(2)(E).

## COUNT II
## BREACH OF CONTRACT – USF HOLLAND

28. Plaintiffs re-allege and incorporates the allegations contained in paragraphs 1-27 of this Complaint with the same force and effect as if fully set forth herein.

29. USF HOLLAND is an employer engaged in an industry affecting commerce which agreed to be bound by the terms of the CBA with the Union on April 19, 2017 for the period of April 1, 2017 through March 31, 2020. (**Exhibit 1**).

30. On March 20, 2020, USF HOLLAND agreed to a Contract Extension Agreement with the Union wherein the parties agreed to extend the expiration date of the CBA to May 14, 2020. (**Exhibit 2**).

31. On May 8, 2020, USF HOLLAND agreed to a Second Contract Extension Agreement with the Union wherein the parties agreed to extend the expiration date of the CBA to July 13, 2020. (**Exhibit 3**).

32. Through the CBA, USF HOLLAND agreed to be bound by the provisions of the Trust Agreements.

33. Pursuant to the provisions of the CBA, Defendant USF HOLLAND is required to make monthly reports of the number of weeks worked by its bargaining unit employees and pay contributions to the TRUST FUNDS for each week that a bargaining unit employee performs any work at the negotiated rate set forth in the CBA. (**Exhibit 1**).

34. The monthly reports and contributions during all relevant times were due on or before the 10th day of the calendar month following the calendar month during which the work was performed.

35. Pursuant to Section 502(g)(2) of ERISA, and provisions of the CBA and Trust Agreements, employers who fail to submit their monthly reports and contributions to the TRUST FUNDS on a timely basis are responsible for the payment of liquidated damages equal to ten percent (10%) of the amount unpaid, plus interest at a rate of one percent (1%) per month from the due date and any reasonable attorney's fees and costs of maintaining suit.

36. In breach of the CBA, Defendant USF HOLLAND failed to pay contributions to the PENSION FUND for the months of March 2020 and April 2020 in the aggregate amount of $61,924.73.

37. As a result of its failure to pay its March 2020 and April 2020 contributions in a timely manner to the PENSION FUND, USF HOLLAND owes liquidated damages in the amount of $6,192.47 and interest in the amount of $592.93 to the PENSION FUND.

38. In breach of the CBA, Defendant USF HOLLAND also failed to timely pay contributions for the month of March 2020 to the WELFARE FUND. Defendant USF HOLLAND paid the interest resulting from the late payment of contributions but failed to pay the resulting liquidated damages in the amount of $4,605.00.

39. In breach of the CBA, Defendant USF HOLLAND failed to pay contributions for the month of April 2020 to the WELFARE FUND in the aggregate amount of $46,357.00.

40. As a result of its failure to pay its April 2020 contributions to the WELFARE FUND in a timely manner, USF HOLLAND currently owes liquidated damages in the amount of $4,635.70 and interest in the amount of $216.33 to the WELFARE FUND.

41. Interest on the unpaid contributions owed the TRUST FUNDS will continue to accrue until such time that Defendant USF HOLLAND makes payment of the unpaid contributions.

42. Defendant USF HOLLAND has a continuing obligation to pay contributions to the TRUST FUNDS. Therefore, additional amounts may become due and owing from the Defendant USF HOLLAND.

43. Plaintiffs have been required to employ the undersigned counsel to collect the monies that are due and owing from USF HOLLAND.

44. Plaintiffs have complied with all conditions precedent in bringing this suit.

45. Defendant USF HOLLAND is obligated to pay the reasonable attorney's fees and court costs incurred by the Plaintiffs pursuant to the Collective Bargaining Agreement, Trust Agreements and 29 U.S.C. § 1132(g)(2)(D).

**WHEREFORE**, Plaintiffs respectfully request that:

A. Judgment be entered in favor of the PENSION FUND and against Defendant USF HOLLAND in the amount of $61,924.73 for unpaid contributions to the PENSION FUND for the months of March 2020 and April 2020;

B. Judgment be entered in favor of the PENSION FUND and against Defendant USF HOLLAND in the amount of $6,785.40 for liquidated damages and interest that has

       accrued through June 1, 2020, plus additional interest that may accrue, as a result of USF HOLLAND's failure to timely pay contributions to the PENSION FUND;

C. Judgment be entered in favor of the WELFARE FUND and against Defendant USF HOLLAND in the amount of $46,357.00 for unpaid contributions to the WELFARE FUND for the month of April 2020;

D. Judgment be entered in favor of the WELFARE FUND and against Defendant USF HOLLAND in the amount of $9,457.03 for liquidated damages and interest that has accrued through June 1, 2020, plus additional interest that may accrue, as a result of USF HOLLAND's failure to timely pay contributions to the WELFARE FUND;

E. Judgment be entered in favor of the TRUST FUNDS and against the Defendant USF HOLLAND for any other contributions, liquidated damages and interest that may become due in addition to the amounts identified in paragraphs A through D above;

F. Defendant USF HOLLAND be ordered to pay the reasonable attorney's fees and costs incurred by the Plaintiffs pursuant to the CBA, Trust Agreements and 29 U.S.C. § 1132(g)(2)(D); and

G. Plaintiffs have such other and further relief as the Court may deem just and equitable all at Defendant USF HOLLAND's cost pursuant to 29 U.S.C. § 1132(g)(2)(E).

Respectfully Submitted,

**AUTOMOBILE MECHANICS' LOCAL NO. 701 UNION AND INDUSTRY PENSION FUND** *et al.*

/s/ Lucas J. Habeeb – 6329755
*One of Plaintiffs' Attorneys*
JOHNSON & KROL, LLC
311 S. Wacker Drive, Suite 1050
Chicago, IL 60606
(312) 757-5472
habeeb@johnsonkrol.com

/s/ Jeffrey A. Krol – 6300262
*One of Plaintiffs' Attorneys*
JOHNSON & KROL, LLC
311 S. Wacker Drive, Suite 1050
Chicago, IL 60606
(312) 757-5465
jeffkrol@johnsonkrol.com